Joseph **DOUGHERTY**, on Behalf of Moya **DOUGHERTY**, Plaintiff,

v.

Otis R. **BOWEN**, M.D. Secretary of Health and Human Services, Defendant.

Civ. A. No. 87–1428.

United States District Court, M.D. Pennsylvania.

April 28, 1988.

P. Timothy Kelly, Scranton, Pa., for plaintiff.

Frederick E. Martin, Asst. U.S. Atty., Federal Bldg., Lewisburg, Pa., for defendant.

## ORDER AND JUDGMENT

CALDWELL, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, Joseph Dougherty, the parent and legal guardian of Moya Dougherty, filed suit to reinstate supplementary security income benefits his daughter was receiving when she entered Clark's Summit State Hospital in October of 1986. The Social Security Administration had suspended her benefits based upon 42 U.S.C. § 1382(e)(1)(A) and two interpretive regulations, 20 C.F.R. § 201 and § 416.1325. Section 1382(e)(1)(A) provides that benefits can be terminated when a recipient "is an inmate of a public institution." The regulations define "inmate" to include a "resident of a public institution." 20 C.F.R. § 416.201. The Magistrate has recommended that judgment be entered for defendant. No objections were filed.

Relying upon *Levings v. Califano*, 604 F.2d 591 (8th Cir.1979), plaintiff contends that Moya Dougherty was not an inmate of a public institution, thereby requiring suspension of benefits, since she had been placed there voluntarily by her father who could remove her on his own initiative. *Levings* supports this argument. It construed inmate to mean someone involuntarily confined in an institution so that the plaintiff in that case, a voluntary resident of a nursing home, did not have to forfeit supplementary security income benefits. Dougherty also argues that the statute and regulations violate the equal protection component of the fifth amendment due process clause. *See* U.S. Const. amend. V.

We agree with the Magistrate that *Levings* is distinguishable because it relies, in part, upon a definition of inmate which is no longer in effect. We also believe that the statutory and administrative distinction survives an equal protection challenge. Plaintiff bases that challenge upon his daughter's membership in a group consisting of patients at public institutions rather than patients at private institutions where benefits would not have been suspended. We are dealing here with economic legislation which requires only that a rational basis be found for the distinction. *See Schweiker v. Wilson*, 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). As the Magistrate stated, "it was rational for Congress to preserve limited resources by generally disqualifying institutionalized persons from receiving SSI benefits." Magistrate's Report at p. 8.

The equal protection claim must also fail when it is realized that, in the economic sphere, claims of being "singled out," when others could just as easily been the subject of the challenged action, almost always fail. *See Pennsylvania Mortgage Bankers Ass'n v. Zimmerman*, 664 F.Supp. 186 (M.D.Pa.1987). Plaintiff asserts that it is irrational to suspend benefits when a recipient is a patient at a public institution but not at a private institution. That Congress's aim would logically be served by suspending benefits for those in private institutions, similarly situated to plaintiff's daughter, is of no assistance to plaintiff. Congress may move against a problem only partially and leave perfection to future regulation. *Id.*

Accordingly, this 28th day of April, 1988, upon consideration of the Report of the United States Magistrate, dated March 31, 1988, to which no exceptions have been filed, and upon independent review of the record, it is ordered that the Magistrate's Report is adopted. It is further ordered that:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion for summary judgment is granted and judgment is hereby entered for defendant.

3. The Clerk of Court shall close this file.